UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| ACTIVE PACKET, LLC; and<br>CHAD LOWE, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No.: 2:19-cv-00039<br>) |
| NETGEN, INC.; CHRISTIN<br>ROWLAND; and THE ESTATE OF<br>CHRISTOPHER T. ROWLAND, | )<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Chad Lowe and Christopher Rowland installed information network systems in hotels around the country. On March 8, 2013, Rowland established NetGen, Inc., a Georgia corporation, and both he and Lowe continued to work together as business partners. After Rowland died in December 2018, Lowe, with the acquiescence of Rowland's widow Christin, formed NetGen Corp. and continued the business. When Christin interfered with Lowe's customers, however, he formed Active Packet, LLC in February 2019. Christin continued to interfere with Active Packet's customers, prompting Plaintiffs to file suit in the Circuit Court for Cumberland County, Tennessee alleging tortious interference with a business relationship and defamation. Plaintiffs also sought a declaratory judgment determining the parties' ownership rights to NetGen Inc.'s property.[1]

Upon removal of the action to this Court, Defendants filed a Motion to Dismiss for Lack of Jurisdiction and Improper Venue (Doc. No. 8). The request for dismissal for lack of jurisdiction is hardly surprising given the allegations in the Complaint that Lowe is a citizen of Tennessee and Active Packet is a Tennessee limited liability company, but NetGen, Inc is a Georgia corporation with a

---

[1] The foregoing are merely allegations set forth in the Complaint (Doc. No. 1-1).

"nerve center" in Naples, Florida; the Estate of Christopher Rowland was opened in Collier County, Florida where he resided at the time of his death; and Christin Rowland is a Florida citizen residing in Naples. (Doc. No. 1-1, Complaint ¶¶ 2-6). The claim of improper venue, however, is surprising and without merit because (1) this action was removed from state court; (2) "venue in removed actions is governed solely by § 1441(a)" Kerobo v. Sw. Clean Fuels, Corp., 285 F.3d 531, 534 (6th Cir. 2002) (citing Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 665 (1953)), and (3) the Northeastern Division encompasses Cumberland County from whence this case came.

Returning to the jurisdictional issue, Plaintiffs do not contend that there is general jurisdiction, *i.e.*, that Defendants' contacts with Tennessee were "so 'continuous and systematic' as to render them essentially at home [here]." Goodyear Dunlop Tires Operations, S.A. v. Brown, 546 U.S. 915, 919 (2011). Instead, they assert specific jurisdiction, arguing that Defendants purposefully availed themselves of Tennessee law by causing a consequence here. In this regard, Plaintiffs allege that "the events giving rise to the claims, while committed outside of Tennessee have caused tortious injury in Tennessee." (Doc. No. 1-1, Complaint ¶ 8). More specifically, Plaintiffs claim that Defendants, and in particular Christin, told Active Packet customers that Lowe was a fraudster and criminal, and directed Active Product customers to pay Defendants even though Active Packet and Lowe are the ones who provided the network installation services after Christopher's death. Plaintiffs cite Tenn. Code Ann. ¶¶ 20-2-214 and 2–2-223 as providing jurisdiction over individuals who cause tortious injury in this state.

No doubt, Tennessee's "long-arm statute expands the jurisdiction of Tennessee courts to the full limit allowed by due process." Masada Inv. Corp. v. Allen, 697 S.W.2d 332, 334 (Tenn. 1985) Shelby Mutual Ins. Co. v. Moore, 645 S.W.2d 242, 245 (Tenn. Ct. App. 1981). Its reach, in other words, is "coterminous with the due process clause," meaning that "'the jurisdictional limits of

Tennessee law and of federal constitutional law of due process are identical.'" Intera Corp. v. Henderson, 428 F.3d 605, 616 (6th Cir. 2005) (quoting Payne v. Motorists' Mut. Ins. Cos., 4 F.3d 452, 455 (6th Cir. 1993)). Nevertheless, "the *sine qua non* for [personal] jurisdiction is "purposeful availment," Air Prods. & Controls, Inc. v. Safetech In'l, Inc., 503 F.3d 544, 550 (6th Cir. 2007), and is "something akin to a deliberate undertaking to do or cause an act or thing to be done in [the forum state]." Bridgeport Music, Inc. v. Still N The Water Pub., 327 F.3d 472, 478 (6th Cir. 2003).

Plaintiffs do not allege that Defendants committed any act in Tennessee. To the contrary, they specifically allege that the acts giving rise to their claims were committed outside Tennessee. As explained by the Supreme Court, however, the fact a plaintiff may have felt an effect of another's acts in his or her home state is not enough, in and of itself, to establish personal jurisdiction:

> [M]ere injury to a forum resident is not a sufficient connection to the forum. Regardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State. The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way.

Walden v. Fiore, 571 U.S. 277, 290 (2014); see also, Carmona v. Leo Ship Mgmt., Inc., 924 F.3d 190, 194 (5th Cir. 2019) ("Purposeful availment is a constitutional prerequisite for jurisdiction, regardless of where the tortious conduct occurred."); Bulso v. O'Shea, 730 F. App'x 347, 351 (6th Cir. 2018) (finding that, even though injury might have occurred in Tennessee, "operative facts concerning the malicious-prosecution claim all took place outside Tennessee," and thus there was no personal jurisdiction).

Other than claiming injury to a Tennessee citizen/resident, Plaintiffs make no effort to establish that Defendants had "meaningful" contacts with Tennessee. Accordingly, this Court lacks personal jurisdiction.

Even in the absence of personal jurisdiction, however, the Court, in its discretion, may transfer

the case pursuant to 28 U.S.C. § 1406(a). See, Jackson v. L & F Martin Landscape, 421 F. App'x 482, 483 (6th Cir. 2009) (noting that section 1406 "applies to actions that are brought in an impermissible forum; the district court need not have personal jurisdiction over defendants before transferring pursuant to this section"); Flynn v. Greg Anthony Constr. Co., 95 F. App'x 726, 739 (6th Cir. 2003) ("The Supreme Court's decision in Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S. Ct. 913, 8 L .Ed.2d 39 (1962), expressly included the lack of personal jurisdiction as one of the procedural hurdles that can be remedied by a § 1406 transfer."). Under Section 1406(a), a court may, if it is in the interest of justice, transfer a case to the district or division in which it could have been brought.

Here, the parties agree that venue is proper in the Middle District of Florida, and "Defendants do not oppose Plaintiffs' request to transfer this case to the Middle District of Florida, rather than dismiss the Complaint." (Doc. No. 15). Given those concessions, and given that transfer "serves the ultimate goal of allowing cases to be decided on their substantive merits, as opposed to being decided on procedural grounds," Flynn, 95 F. App'x at 741, this case will be transferred instead of dismissed.

Accordingly, the Motion to Dismiss for Lack of Jurisdiction and Improper Venue (Doc. No. 8) is **GRANTED** to the extent it asserts a lack of personal jurisdiction over Defendants. The Clerk of the Court shall **TRANSFER** this case to the United States District Court for the Middle District of Florida and close the file in this Court.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE