COPY

IN THE CIRCUIT COURT FOR CUMBERLAND COUNTY, TENNESSEE

| | |
|---|---|
| ACTIVE PACKET, LLC; and<br>CHAD LOWE<br><br>Plaintiffs,<br><br>v.<br><br>NETGEN, INC.;<br>CHRISTIN ROWLAND; and<br>THE ESTATE OF<br>CHRISTOPHER T. ROWLAND<br><br>Defendants. | 2:19-cv-421-FtM-99UAM<br><br>Case No.: CC1-19-CV-6485<br><br>JURY DEMAND<br><br>DATE FILED April 05, 20 19<br>1:31<br>Jessica Burgess  MB<br>Circuit Court Clerk |

## COMPLAINT

COME NOW, Plaintiffs Active Packet, LLC and Chad Lowe, by and through undersigned counsel, and file this Complaint against Defendants NetGen, Inc., Christin Rowland, and the Estate of Christopher T. Rowland. In support, Plaintiffs state as follows:

### PARTIES

1. Plaintiff Active Packet, LLC is a Tennessee limited liability company. Active Packet, LLC is a citizen of the State of Tennessee as its nerve center is located at 3148 Deep Draw Road, Cumberland County, Crossville, Tennessee 38555.

2. Plaintiff Chad Lowe is a citizen of the State of Tennessee as he resides at 3148 Deep Draw Road, Cumberland County, Crossville, Tennessee 38555. Plaintiff resides in the Middle District of Tennessee.

3. Defendant NetGen, Inc. is a corporation organized under the laws of the State of Georgia; however, it is a citizen of Florida as the nerve center is located at 3825 Oil Well Road,

1

Naples, FL 34120. It can be served with process through its registered agent, Kristy Armada, located at 2426 East Las Olas Blvd., Fort Lauderdale, FL 33301.

4. The Estate of Christopher T. Rowland is an estate opened under the laws of the State of Florida in Collier County, Florida. Christin Rowland is the personal representative of the Estate and can be served with process at 3825 Oil Well Road, Naples, FL 34120.

5. The decedent, Christopher T. Rowland, was a citizen of the State of Florida at the time of his death as that is where he was domiciled.

6. Christin Rowland is a resident and a citizen of the State of Florida. She resides in Naples, Florida at 3825 Oil Well Road, Naples, FL 34120, where she can be served with process.

## JURISDICTION AND VENUE

7. Plaintiffs incorporate by reference paragraphs 1 through 6 as if fully stated herein.

8. Jurisdiction and venue are proper pursuant to T.C.A. § 20-2-223 in this Court and county as the events giving rise to the claims, while committed outside of Tennessee, have caused tortious injury in Tennessee.

## FACTS COMMON TO ALL COUNTS

9. Plaintiffs incorporate by reference paragraphs 1 through 8 as if fully stated herein.

10. Chad Lowe is in the information technology ("IT") business wherein he installs network systems in hotels across the country.

11. In late 2012, Chad Lowe approached his cousin, Dan Keener, about opening a new business to perform network installations.

12. Around November 2012, Christopher T. Rowland approached Chad Lowe about new business opportunities in the IT business.

13. Christopher T. Rowland, Chad Lowe and Dan Keener worked on several network installation projects together in late 2012, and they split the profits equally.

14. Towards the end of 2012, Dan Keener decided that he no longer wanted to work with Christopher T. Rowland and Chad Lowe.

15. At that time, Christopher T. Rowland and Chad Lowe continued installing network systems together and splitting the profits equally.

16. In the beginning of 2013, Chad Lowe and Christopher T. Rowland discussed officially becoming business partners.

17. At that time, Christopher T. Rowland lived in Valdosta, GA, and he and Chad Lowe agreed to start NetGen, Inc.

18. NetGen, Inc. was formed on or about March 8, 2013, in the State of Georgia by Christopher T. Rowland and Chad Lowe.

19. NetGen, Inc.'s sole shareholder was Christopher T. Rowland.

20. From March 8, 2013 until Christopher T. Rowland's death, Christopher T. Rowland and Chad Lowe operated NetGen, Inc. as a partnership.

21. Chad Lowe and Christopher T. Rowland fully intended to carry on as co-owners of NetGen, Inc.

22. There are no operating agreements pertaining to NetGen, Inc.

23. Although Chad Lowe was not a shareholder of NetGen, Inc., he had access to all of the business bank accounts and, for all intents and purposes, was a fifty-percent owner.

24. Around 2015, Christopher T. Rowland began to contribute less to the business, and his work quality decreased as he began having trouble meeting deadlines.

25. Christopher T. Rowland was married to Christin Rowland.

26. During 2016, Christopher T. Rowland started having extra-marital affairs.

27. Christin Rowland would call Chad Lowe every time she suspected that Christopher T. Rowland was having an affair.

28. Eventually, Chad Lowe told Christopher T. Rowland to tell his wife to stop calling.

29. At that point in time, Chad Lowe and Christopher T. Rowland's relationship became more distant, although they carried on the business together.

30. On or about December 26, 2018, Christopher T. Rowland was found dead of a drug overdose in Miami, Florida.

31. Prior to his death, Christopher T. Rowland removed Chad Lowe's name from NetGen, Inc.'s bank accounts as a primary account holder.

32. Chad Lowe still legally possessed a bank card and could remove funds through the internet to operate the business.

33. Christopher T. Rowland had been spending a significant amount of money from the company on personal business.

34. After his death, Chad Lowe and Christin Rowland began discussing plans on how to keep the business running in order to pay employees and expenses.

35. Chad Lowe formed a new company in Tennessee called NetGen Corp. and opened new bank accounts for that company.

36. Chad Lowe then transferred the funds from NetGen, Inc.'s bank account to NetGen Corp.'s bank account to continue operations.

37. Christin Lowe knew of and agreed to the transfer of funds.

38. Chad Lowe migrated two payments of $5,000.00 into Christin Lowe's personal bank account in January 2019.

39. Chad Lowe also paid employees and expenses from the NetGen Corp. account for work that the previous company had performed or was performing at the time of Christopher T. Rowland's death.

40. Chad Lowe issued new invoices to clients, directing those clients to direct payments to NetGen Corp.

41. Chad Lowe has continued to provide services to NetGen, Inc.'s customers through NetGen Corp.

42. Upon his death, Christopher T. Rowland disassociated from the partnership by law, and Chad Lowe became the sole owner of NetGen, Inc.

43. Beginning in January 2019, Christin Rowland has assumed a role as "CEO" of NetGen, Inc.

44. Despite the fact that she has no legal authority to assume a role with NetGen, Inc., she has taken it upon herself to contact NetGen Corp.'s clients and inform them that Chad Lowe was fired, that criminal charges have been brought against Lowe and that payments should be directed to her.

45. Due to Christin Rowland's constant interference with NetGen Corp.'s customers, Chad Lowe formed Active Packet, LLC on February 19, 2019.

46. Despite the formation of Active Packet, Christin Rowland continues to interfere with clients and business relationships, and continues to try to get clients to direct payments to her, even though Chad Lowe and his new business entity are providing the services to clients.

47. Christin Rowland has also emailed clients and employees as recently as March 2, 2019, wherein she told those individuals that Chad Lowe is a criminal, that he has committed various crimes and that he has committed fraud.

48. The statements within her written communications to third-parties were made with malice and were knowingly false and have caused Chad Lowe and his business to suffer damages.

### COUNT I: DECLARATORY JUDGMENT

49. Plaintiffs incorporate by reference paragraphs 1 through 48 as if fully stated herein.

50. Pursuant to Tenn. R. Civ. P. 57 and T.C.A. § 29-14-101, *et seq.*, Plaintiffs seek a declaratory judgment that NetGen, Inc. was a general partnership and that Chad Lowe and Christopher T. Rowland were general partners.

51. Plaintiffs seek a declaratory judgment that Defendants are not entitled to the use of the name NetGen, Inc., nor are they entitled to operate that business as the partnership was dissolved upon Christopher T. Rowland's death.

52. Plaintiffs seek a declaratory judgment determining the parties' ownership rights to NetGen, Inc.'s property, including but not limited to cash, bank accounts, accounts receivable, good will, and client information.

### COUNT II: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

53. Plaintiffs incorporate paragraphs 1 through 52 as if fully stated herein.

54. Plaintiffs have numerous continuing business relationships with clients and expected to continue those business relationships after the death of Christopher T. Rowland.

55. Christin Rowland, as the wife of Christopher T. Rowland, knows of these business relationships.

56. After Christopher T. Rowland's death, Christin Rowland illegally assumed control of NetGen., Inc. and began intentionally interfering with those business relationships by attempting to have those clients pay her money instead of paying Chad Lowe.

57. Christin Rowland has intentionally tried to get those clients to cease doing business with Chad Lowe and Active Packet.

58. Further, Christin Rowland has sent emails to third-parties showing intent to damage Active Packet by saying that there will not be a "Chad's team."

59. Christin Rowland's actions have caused Plaintiffs to suffer damages.

### COUNT III: DEFAMATION

60. Plaintiffs incorporate paragraphs 1 through 59 as if fully stated herein.

61. Defendants have published written statements to third-parties via emails.

62. The emails included statements that Chad Lowe has committed criminal acts, was fired from NetGen, Inc. and has committed fraud.

63. The emails included statements that there will not be a "Chad's team" in an effort to keep employees from working with Chad Lowe in the future.

64. These statements were made with the knowledge that the statements are false and defaming to the Plaintiffs.

65. These statements were made with a reckless disregard for the truth and with the intent to harm Plaintiff.

66. The statements made by Defendants have caused Plaintiffs to suffer damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

A. That this Court enter a declaratory judgment declaring Plaintiff Chad Lowe and NetGen, Inc. a general partnership pursuant to Tennessee law;

B. That this Court award Plaintiffs with a judgment for no less than $125,000.00, but in an amount to be ultimately determined at trial;

C.  That this matter be tried by a jury of twelve;

D.  For any such other and further relief that this Court deems just and proper.

>Respectfully submitted,
>
>*[signature]*
>Brian T. Boyd (BPR# 023521)
>Bennett J. Wills (BPR# 034831)
>R. Brenton Urick (BPR# 36551)
>LAW OFFICE OF BRIAN T. BOYD, PLLC
>214 Overlook Circle, Suite 275
>Brentwood, TN 37027
>(615) 861-1936
>brian@boydlegal.co; bennett@boydlegal.co; brenton@boydlegal.co
>*Attorneys for Plaintiffs*